UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HENRY ORJUELA MEDINA,

v.     Case No. 8:05-cr-381-T-24MSS
       8:06-cv-2207-T-24MSS

UNITED STATES OF AMERICA.

_____

ORDER

This cause is before the Court on Defendant Henry Orjuela Medina's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-(Doc. cv-23, cr-137).

Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. See 28 U.S.C. § 2255.

PROCEDURAL HISTORY

On August 31, 2005, an indictment was returned charging Medina and several others with two counts of narcotics violations. (Doc. cr-1). On October 27, 2005, Medina pled guilty, pursuant to a written plea agreement, to count one of the indictment which

charged Medina with conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 46 Appendix, U.S.C. §§ 1903(a), 1903(g), and 1903(j) and 21 U.S.C. § 960(b)(1)(B)(ii). (Doc. cr-25 [plea agreement]; cr-1 [indictment]; cr-74 [judgment]).

On January 27, 2006, prior to sentencing, the undersigned United States District Judge granted the Government's USSG § 5k1.1 motion for a two-level reduction in Medina's sentence based on his providing substantial assistance. (Doc. cr-66; cr-73); and granted the Government's oral motion for reduction of Medina's sentence by one level for timely notification of Medina's intent to enter a plea of guilty. (Doc. cr-73) The Court also granted the Government's motion to dismiss count two of the indictment. (Doc. cr-76).

Medina was sentenced to one hundred and twenty-one months incarceration. Judgment was entered January 27, 2006. (Doc. cr-74). Medina did not appeal. Medina signed the present motion to vacate on October 3, 2006, and filed the motion on November 27, 2006. Medina's motion to vacate is timely. He raises two grounds, neither of which warrant relief.

DISCUSSION

Ground One

Medina "challenges his conviction upon incorrect assumption of jurisdiction." In support of his claim, Medina alleges:

> Petitioner (Medina) raise [sic] issue of constitutional magnitude which include incorrect assumption of jurisdiction over Caribbean Sea. A violation of the International Treaties, "Mar Picao" never came into the United States when it was intercepted by the Coast Guard. This honorable court has jurisdiction of the parties, and the subject matter based on errors which resulted in conviction by use of evidence obtained persuant [sic] to an unlawful arrest affected Mr. Henry Orjuela substantial right of liberty and was

a miscarriage of justice seriously affecting fairness and integrity of the judicial proceeding.

In essence, Medina is alleging that he was unlawfully arrested because the United States did not have jurisdiction over the Mar Picao. He also alleges that the cocaine confiscated by the United States Coast Guard on the Mar Picao and used as evidence against Medina was illegally obtained because the Coast Guard intercepted the Mar Picao in the Caribbean Sea, a violation of "International Treaties." This claim has no merit for the following reasons.

## Offense Conduct

The Presentence Investigative Report (PSR), describes the Offense Conduct:

8. On August 27, 2005, the USCG <u>Harriet Lane</u> intercepted the F/V <u>Mar Picao</u> approximately 150 nautical miles south of Jamaica, in international waters, in the Caribbean Sea. The vessel was of Columbian registry, but flying a Jamaican flag. Once along side of the <u>Mar Picao</u>, the USCG observed four persons on deck and what appeared to be bales of contraband on the vessel.

9. The <u>Harriet Lane</u> detached a boarding team to the <u>Mar Picao</u>. The USCG conducted the standard right of approach questions prior to boarding  The crew members on board consisted of **Henry Orjeula-Medina (Medina)**, the captain; Jose Vianet Ortega-Correra; Blas Lastra Guerrero; and Raul Antonio Guzman-Dearco.  Medina initially advised that they were headed to Jamaica to transfer fish to their boat and return to Columbia. However, Medina changed his story and admitted that someone had put drugs on their boat and threatened to kill their families if they did not go to the designated area in Jamaica where another vessel was scheduled to meet them. He added that they were flying a Jamaican flag because that was where they were headed.

10. The USCA boarded the vessel and subsequently seized 15 bales of cocaine containing 1,212.2 pounds or 549.85 kilograms of cocaine.

(PSR, p. 2).

Factual Basis of the Offense

The plea agreement sets out the factual basis of the offense:

9.  <u>Factual Basis</u>

    Defendant is pleading guilty because defendant is in fact guilty. The defendant certified that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

FACTS

    On or about August 28, 2005, the defendant and three other crew members were aboard the Columbian registered fishing vessel Mar Picao when intercepted by the United States Coast Guard in the Caribbean Sea. The defendant was to be paid for his part in an agreement to transport 5 or more kilograms of cocaine for delivery to others. During the encounter the Coast Guard seized approximately 350 kilograms of cocaine from the vessel. The government of Columbia consented to the enforcement of United States law in regard to the vessel and crew.

(Doc. cr-25 at 12).

Statutory jurisdiction in this case is correctly premised on the consent extended by Colombia. 46 U.S.C. app. § 1903(c)(1)(C)( "flag nation has consented or waived objection to the enforcement of United States law by the United States ···" ). Under the statute, Medina has no standing to contest the consent given by Colombia. 46 U.S.C. app. § 1903(d). <u>See</u> <u>also</u>, "Agreement Between the Government of the United States of America and the Government of the Republic of Colombia to Suppress Illicit Traffic by Sea."

Medina cannot show that his arrest was unlawful and cannot show that this Court lacked jurisdiction over the ship, the cargo, and over Medina, simply because the Mar Picao "never came into the United States when it was intercepted by the Coast guard."

Ground One does not warrant relief.

Ground Two

Medina claims that counsel was [in]effective because he (presumably Medina, as his counsel was a female assistant federal public defender) did not "get to present argument at his sentencing, due to 5K1 motion by the Government, also two point's [sic] deducted from [sic] minimal participation. USSG § 201.1(A)(3)."

Medina does not allege any facts to support his claim that he did not "get to present argument at his sentencing," and does not allege why he would have been prevented from doing so because of the Government's motion and the "two point's[sic] deducted from [sic] minimal participation."  Nor does he allege what argument he would have presented. To the extent that Medina is arguing that his assistant federal public defender should have presented argument at his sentencing, Medina does not allege what argument counsel would have presented.

STANDARD OF REVIEW FOR INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment right to counsel is the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Strickland v. Washington, 466 U.S. 668, 688 (1984); see also Boykins v. Wainwright, 737 F.2d 1539, 1542 (11th Cir. 1984). The burden is on the defendant to demonstrate that (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. United States v. Cronic, 466 U.S. 648, 658 (1984).

The reasonableness of counsel's challenged conduct must be judged on the facts

of the particular case, viewed as of the time of counsel's conduct. Devier v. Zant, 3 F.3d 1445, 1450 (11th Cir. 1993). For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. See Strickland, 466 U.S. at 690. Judicial scrutiny of counsel's performance must be highly deferential, and courts "must avoid second- guessing counsel's performance." Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Id. (quoting Strickland, 466 U.S. at 689). The defendant's burden in this regard, though not insurmountable, is a heavy one. See Chandler, 218 F.3d at 1314. For a petitioner to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." Id. at 1315.

To establish prejudice, a petitioner must demonstrate a reasonable probability that, but for counsel's deficient performance, the result of his trial would have been different. United States v. Greer, 440 F.3d 1267, 1272 (11th Cir. 2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome. Rolling v. Crosby, 438 F.3d 1296, 1300 (11th Cir. 2006). If the defendant fails to show that he was prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. Strickland, 466 U.S. at 697; Tafero v. Wainwright, 796 F.2d 1314, 1319 (11th Cir. 1986).

Medina has not met either prong of Strickland. Medina pled guilty. Subsequently, he received a favorable sentence. Medina does not argue that his sentence would have been more favorable had he had an opportunity to present argument at his sentencing.

Nor does he allege what he or his counsel would have argued at the sentencing proceeding. Medina has not alleged any facts to demonstrate that his counsel prevented Medina's arguing at sentencing.

Furthermore, Medina was given the opportunity to address the Court at his sentencing.

Ground Two does not warrant relief.

On page 12 of the section 2255 motion, Medina requests an extension of time to prepare his legal memorandum. However, a review of the PSR and the plea agreement reveal that the issues Medina raises can be decided on the record before the Court and that a memorandum of law is not necessary.

Accordingly, the court orders:

That Medina's motion to vacate (Doc. cv-1; cr-137) is denied. The Clerk is directed to enter judgment against Medina in the civil case and to close that case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)),

or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances. Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

    ORDERED at Tampa, Florida, on December 21, 2006.

                                              SUSAN C. BUCKLEW
                                              United States District Judge

AUSA: James C. Preston, Jr.
Henry Orjuela Medina